UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| MARY J. ROBINSON,<br><br>Plaintiff,<br><br>vs.<br><br>F.H. CANN & ASSOCIATES, INC.,<br><br>Defendant. | **JURY DEMANDED**<br><br>Case Number: |

# COMPLAINT

COMES NOW the Plaintiff, Mary J. Robinson, by and through counsel and complains as follows:

## JURISDICTION AND VENUE

1. This action arises from Defendant's violations of the Fair Debt Collection Practices Act ("FDCPA") 15 U.S.C. § 1692, *et seq.*, and other state tort claims arising out of Defendant's illegal, unfair, abusive, negligent, and deceptive efforts to collect a consumer debt.

2. Jurisdiction in this case is founded upon 28 U.S.C. § 1331, § 1367, and 15 U.S.C. § 1692k, which grant the United States District Courts jurisdiction to hear this action without regard to the amount in controversy.

3. Venue in this case is appropriate in this Court pursuant to 28 U.S.C. § 1391(b) because the acts and transactions giving rise to Plaintiff's claims occurred within this federal judicial district and because the Defendant conducts business in the State of Tennessee within the meaning of 28 U.S.C. § 1391(b) and (c).

4. This Court has personal jurisdiction over the Defendant in this case because they

1

have continuous and systematic contacts with the State of Tennessee including, but not limited to, conducting business in Tennessee, regularly collecting or attempting to collect debt from Tennessee consumers, regularly enforcing agreements with Tennessee consumers, regularly contacting consumers in Tennessee by telephone, email, and other instruments of interstate commerce, and by availing itself of the benefits of the Tennessee judicial system.

## PARTIES

5. The Plaintiff Mary J. Robinson is a natural person who resides in the State of Tennessee within the Middle District. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) and was affected and harmed by the FDCPA and other violations complained of herein.

6. Defendant F.H. Cann & Associates, Inc. ("FHC"), is a collection agency regularly conducting business in the State of Tennessee and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6). Its principal place of business is located at 1600 Osgood St #2, North Andover, MA 01845. FHC uses a registered agent in Tennessee, Corporation Service Company, located at 2908 Poston Avenue, Nashville, TN 37203.

7. Defendant's regular and principal business purpose is the collection of debt it has been contracted to resolve or acquired from another when past due.

8. During the course of its efforts to regularly collect past due debt originally owed or due to another, Defendant uses various instrumentalities of interstate commerce such as mail, telephone, Internet, and Internet electronic mail.

## JURY DEMAND

9. Plaintiff hereby demands trial by jury on all issues so triable.

## FACTUAL ALLEGATIONS

10. In or around July 2019, Defendant FHC began attempting to collect on a defaulted

2

Case 3:20-cv-00110   Document 1   Filed 02/05/20   Page 2 of 13 PageID #: 2

student loan taken out by Darron Kiles of Memphis, Tennessee, through a contract FHC had entered into with the United States Department of Education. That debt (hereafter referred to as the "alleged debt") was primarily for personal, family, or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

11. In an attempt to collect the alleged debt, Defendant FHC used an administrative process pursuant to 20 U.S.C. § 1095(a) to garnish Darron Kiles' wages for the outstanding Department of Education debt, which permits garnishment without a court order.

12. Plaintiff has no relation whatsoever to Darron Kiles and has never been indebted to Defendant or any of its contractees, including the United States Department of Education.

13. Plaintiff does not owe and has never owed Defendant or anyone else for the alleged debt.

14. Because Plaintiff was not a party to any previous debt collection efforts against Darron Kiles, Defendant never served or attempted to serve Plaintiff with notice of the alleged debt and the administrative process that was ultimately used to garnish her wages.

15. In its administrative process to garnish Darron Kiles' wages, Defendant FHC ran the social security number Kiles had provided with his student loan application through a database, finding a match with an employee at Walmart.

16. In order to collect the alleged debt, Defendant FHC submitted an Order of Wage Withholding to Walmart and its payroll processor ADP, requesting that Walmart and ADP begin withholding wages from Darron Kiles, listing Plaintiff's social security number.

17. Upon information and belief, Defendant FHC had not verified Darron Kiles' employment, and Darron Kiles is not employed with Plaintiff's employer, does not receive disposable earnings from them, and is not an independent contractor of theirs.

18. Defendant's requests and notifications to Walmart and ADP pertaining to the Order

of Withholding Wages constitute "communications" as defined in 15 U.S.C. § 1692a(2).

19. When serving Plaintiff's employer with the Order of Withholding Wages, Defendant provided Plaintiff's entire Social Security number, without making any effort to ascertain whether the Social Security number actually belonged to Darron Kiles or that Darron Kiles was the individual whose wages would be garnished.

20. Plaintiff's employer reasonably relied on Defendant's representations when it provided Defendants with an Order demanding the garnishment of the wages of the Walmart employee matching Plaintiff's Social Security number and fulfilled the continuing garnishments of Plaintiff's wages.

21. Because of Defendant's Order of Withholding Wages, Walmart garnished $137.45 from Plaintiff's paycheck on July 2, 2019.

22. Because of Defendant's Order of Withholding Wages, Walmart garnished $131.30 from Plaintiff's paycheck on August 8, 2019.

23. Because of Defendant's Order of Withholding Wages, Walmart garnished $149.39 from Plaintiff's paycheck on August 22, 2019.

24. Because of Defendant's Order of Withholding Wages, Walmart garnished $190.85 from Plaintiff's paycheck on September 5, 2019.

25. Shortly after receiving her September 5, 2019 paycheck, Plaintiff began looking into why her wages did not appear to reflect her time worked.

26. A Walmart Human Resources employee showed Plaintiff that her wages were being garnished.

27. Upon discovering the wage garnishments, Plaintiff called Defendant on or around September 17, 2019, demanding they cease illegally garnishing her wages.

28. Despite Defendant being on notice that they had been garnishing the wages of

Plaintiff rather than Darron Kiles, because of Defendant's Order of Withholding Wages, Walmart garnished $156.11 from Plaintiff's paycheck on September 19, 2019.

29. In total, Defendant unlawfully garnished Plaintiff's wages a total of five times.

30. Each of the garnishments were groundless, unlawful, and deprived Plaintiff of household income to which she was lawfully entitled.

31. Each garnishment Defendant caused against the Plaintiff constitutes a collection or attempt to collect a debt under the FDCPA.

32. The conduct, actions, and omissions by which Defendant collected the alleged debt caused Plaintiff damages as described herein and were violations of numerous and multiple provisions of the FDCPA, including but not limited to, 15 U.S.C. §§ 1692c(b), 1692e, 1692e(2), 1692e(8), 1692e(10), 1692e(11), 1692f, 1692f(1), and 1692g, amongst others.

33. Each of the actions, omissions, and communications of the Defendant as discussed herein that violated the FDCPA would have misled the least sophisticated consumer or any person of average intelligence. Indeed, the actions, omissions, and communications of the Defendant as discussed herein that violated the FDCPA deceived Plaintiff's employer into concluding that the garnishments against Plaintiff were lawful even though they were not.

34. Defendant failed to reasonably consider and evaluate information about Darron Kiles and Plaintiff they were provided with or had access to from all available sources. Such information included their names, addresses, Social Security numbers, dates of birth, and physical descriptions. Upon information and belief, Defendants also had access to other information about Darron Kiles and Plaintiff that would have led to the reasonable conclusion that Plaintiff was not Darron Kiles.

35. At all times relevant to this lawsuit Plaintiff was a victim of identity theft and thus,

5

Case 3:20-cv-00110   Document 1   Filed 02/05/20   Page 5 of 13 PageID #: 5

did not assume the risk of being sued or having her wages garnished unlawfully or otherwise.

36. At all times relevant to this lawsuit Plaintiff used reasonable care and diligence in an effort to minimize and avoid the damages caused by the Defendant's conduct.

37. Plaintiff has suffered actual damages as a result of the unlawful collection conduct and communications discussed herein by the Defendant in the form of a loss of credit opportunity; significant, unexpected, and unjustified reduction in Plaintiffs' household income; substantial and unjustified financial hardships; employment difficulties; as well as significant emotional distress, anxiety, fear, frustration, anger, sleeplessness, loss of appetite, depression, humiliation, family difficulties, a sense of powerlessness, and other negative emotions.

38. As a result of the unlawful collection conduct and communications by the Defendant, Plaintiff was forced to engage legal counsel to vindicate her rights.

39. Plaintiff's damages were the direct and proximate result of Defendant's willful and malicious or intentionally fraudulent conduct, or conduct that manifests a knowing and reckless indifference toward, and a disregard of, the rights of the Plaintiff.

## COUNT I
## Fair Debt Collection Practices Act 15 U.S.C. § 1692c

40. Plaintiff hereby incorporates all other allegations set forth in this complaint.

41. In connection with the collection of the alleged debt, Defendant's action of contacting Mary Robinson's employer and payroll processor without the consent or express permission of either Ms. Robinson or a court of competent jurisdiction violated § 1692c(b) of the FDCPA. 15 U.S.C. § 1692c(b)

42. As a result of each of Defendant's violations of the FDCPA as discussed herein, Plaintiff was harmed as described herein and is entitled to an award against Defendant for her actual

6

damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

## COUNT II
### Fair Debt Collection Practices Act 15 U.S.C. § 1692e

43. Plaintiff hereby incorporates all other allegations set forth in this complaint.

44. In connection with the collection of the alleged debt, Defendant's actions of informing Ms. Robinson's employer and payroll processor that the Walmart employee matching Ms. Robinson's social security number owed a debt and instructing them to garnish her wages was a false representation violated §1692e of the FDCPA. 15 U.S.C.§§ 1692e.

45. This false representation included "the character, amount, or legal status of any debt" in violation of § 1692e(2) of the FDCPA. 15 U.S.C. § 1692e(2).

46. This false representation included the communication of credit information to Ms. Robinson's employer and payroll processor credit information regarding Ms. Robinson which Defendant knew or should have known to be false in violation of §1692e(8) of the FDCPA. 15 U.S.C. § 1692e(8).

47. This false representation that Ms. Robinson owed the Department of Education money for a defaulted debt was used in an attempt to collect Mr. Kiles' debt in violation of §1692e(10) of the FDCPA. 15 U.S.C. § 1692e(10).

48. Defendant failed to disclose to Ms. Robinson that it was attempting to collect a debt in an initial communication with her prior to garnishing her wages in violation of § 1692e(11) of the FDCPA. 15 U.S.C. § 1692e(11).

49. As a result of each of Defendant's violations of the FDCPA as discussed herein, Plaintiff was harmed as described herein and is entitled to an award against Defendant for her actual

damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

## COUNT III
### Fair Debt Collection Practices Act 15 U.S.C.§§ 1692f

50.     42. Plaintiff hereby incorporates all other allegations set forth in this complaint.

51.     In connection with the collection of the alleged debt, Defendant used unfair or unconscionable means to collect Mr. Kiles' debt. 15 U.S.C.§§ 1692f.

52.     These means included the collection of an amount of money from Ms. Robinson that was not expressly authorized by the US Department of Education's loan documents with Mr. Kiles creating the debt in violation of § 1692f(1) of the FDCPA. 15 U.S.C. § 1692f(1).

53.     As a result of each of Defendant's violations of the FDCPA as discussed herein, Plaintiff was harmed as described herein and is entitled to an award against Defendant for her actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

## COUNT IV
### Fair Debt Collection Practices Act 15 U.S.C. § 1692g

54.     Plaintiff hereby incorporates all other allegations set forth in this complaint.

55.     In connection with the collection of the alleged debt, Defendant did not follow any of its procedural requirements in writing to Ms. Robinson at a number of different intervals to notify her of the status of its debt collection efforts regarding her social security number. 15 U.S.C. § 1692g.

56.     As a result of each of Defendant's violations of the FDCPA as discussed herein,

Plaintiff was harmed as described herein and is entitled to an award against Defendant for her actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

## COUNT V
### Fair Debt Collection Practices Act 15 U.S.C. § 1692i

57. Plaintiff hereby incorporates all other allegations set forth in this complaint.

58. In connection with the collection of the alleged debt, Defendant used an administrative procedure that did not meet the venue and jurisdictional requirements of the FDCPA. 15 U.S.C. § 1692i.

59. As a result of each of Defendant's violations of the FDCPA as discussed herein, Plaintiff was harmed as described herein and is entitled to an award against Defendant for her actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

## COUNT VI
### Invasion of Privacy

60. Plaintiff hereby incorporates all other allegations set forth in this complaint.

61. Congress explicitly recognized a consumer's inherent right to privacy in collection matters in passing the Fair Debt Collection Practices Act, when it stated as part of its findings, "Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to **invasions of individual privacy**." 15 U.S.C. § 1692(a) (emphasis added).

62. Defendant intentionally or negligently invaded Plaintiff's right to privacy by

interfering, physically or otherwise, with the solitude, seclusion, and or private concerns or affairs of the Plaintiff by unlawfully attempting to collect a debt from Plaintiff, by obtaining Plaintiff's private employment information, and by unlawfully garnishing Plaintiff's wages.

63. Defendants intentionally or negligently invaded Plaintiff's right to privacy by causing emotional harm to Plaintiff in engaging in the highly offensive conduct described herein in the course of collecting the alleged debt.

64. At all times relevant to this lawsuit Plaintiff had a reasonable expectation of privacy in her solitude, seclusion, private financial information, and private concerns or affairs.

65. The conduct of the Defendant in engaging in the above-described illegal collection conduct against Plaintiff resulted in multiple intrusions and invasions of privacy by the Defendants in a way that would be highly offensive to a reasonable person in that position.

66. As a result of the Defendant's intrusions and invasions of Plaintiff's privacy, Plaintiff was harmed and suffered damages as described herein and is entitled to an award against Defendant for actual damages in an amount to be determined at trial.

## COUNT VII
### Negligence

67. Plaintiff hereby incorporates all other allegations set forth in this complaint.

68. In garnishing Plaintiff's wages Defendant had a duty to exercise reasonable diligence to determine whether the Plaintiff and Darron Kiles were the same individual prior to garnishing Plaintiff's wages.

69. Defendant knew, or in the exercise of reasonable care should have known, that it was likely to harm Plaintiff financially, emotionally, or otherwise by failing to exercise reasonable diligence to determine whether the Plaintiff and Darron Kiles were the same individual.

70. Defendant was negligent and violated the duty of care by failing to reasonably

10

Case 3:20-cv-00110   Document 1   Filed 02/05/20   Page 10 of 13 PageID #: 10

consider and evaluate information about Darron Kiles and the Plaintiff that it was provided with or had access to from all available sources. Such information included their names, addresses, Social Security numbers, dates of birth, and physical descriptions. Upon information and belief, that information also included additional information about Darron Kiles and Plaintiff that would have led to the reasonable conclusion that Plaintiff was not Darron Kiles.

71. Defendant was also negligent and violated the duty of care by failing to make previous contact with Plaintiff and by disregarding information that demonstrated Plaintiff was not Darron Kiles and was not responsible for the alleged debt.

72. At all times relevant to this case it was foreseeable that failing to exercise reasonable diligence to determine whether the Plaintiff and Darron Kiles were the same individual would likely result in an unlawful garnishment of wages and cause various forms of economic, emotional, and other harm against the Plaintiff.

73. Defendant knew or should have known of the risk that failing to exercise reasonable diligence to determine whether the Plaintiff and Darron Kiles were the same individual would result in unlawful garnishments of wages and cause economic, emotional, and other harm to the Plaintiff, but the Defendant nonetheless consciously assumed that risk or alternatively did not care about the consequences of its actions.

74. In garnishing Plaintiff's wages Defendant had a duty to provide Plaintiff's employer with information that was true and correct.

75. Defendant was negligent and violated the duty of care by, among other things:

    a. failing to ensure the person whose wages were being garnished was in fact Darron Kiles,

    b. failing to timely inform Plaintiff's employer that Darron Kiles and Plaintiff were different people,

c. providing Plaintiff's employer with information it knew or should have known was not true and correct,

   d. failing to immediately and effectively inform Plaintiff's employer that it had previously provided information that was not true and correct, and

   e. failing to effectively and immediately cease the unlawful garnishments.

76. At all times relevant to this case it was foreseeable that violating the duty of care would likely result in an unlawful garnishment of wages and cause various forms of economic, emotional, or other harm against the Plaintiff.

77. Defendant knew or should have known of the risk that violating the duty of care would likely result in an unlawful garnishment of wages and cause various forms of economic, emotional, or other harm against the Plaintiff but the Defendants nonetheless consciously assumed that risk or alternatively did not care about the consequences of their actions.

78. As a direct and proximate result of Defendant's negligent breaches of the duties of care, Plaintiff was harmed and suffered damages as described herein and is entitled to an award against Defendants for actual damages in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff pray for judgment against Defendant as follows:

A. For actual, statutory, and punitive damages in an amount to be determined at trial.

B. For Plaintiff's attorney's fees and costs reasonably incurred in pursuing this action.

C. For pre-judgment and post judgment interest at the legal rates.

D. For permission to amend Plaintiff's Complaint should such amendment become appropriate during the course of discovery.

E. For such other and further additional relief as may be determined through discovery

to be appropriate and as the Court may find just, equitable, and proper.

Dated: February 5, 2020

Respectfully submitted,

*/s/ Seamus T. Kelly*
Seamus T. Kelly (TN BPR# 032202)
David J. Goldman (TN BPR# 035151)
MUSIC CITY LAW, PLLC
209 10th Avenue South, Suite 560
Nashville, TN 37212
(615) 200-0682
seamus@musiccityfirm.com
david@musiccityfirm.com

*Attorneys for Plaintiff*

13